UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:23-cv-02572-VBF-MAR | Date: April 19, 2023 |

Title: **Jinwoo Park v. Phillips**

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| VALERIE VELASCO | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) ORDER TO SHOW CAUSE: WHY PETITION SHOULD NOT BE SUMMARILY DISMISSED AS UNTIMELY**

### I.
### INTRODUCTION

Petitioner Jinwoo Park ("Petitioner"), proceeding pro se, constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 ("section 2254"). ECF Docket No. ("Dkt.") 1. The Petition appears untimely. However, the Court will not make a final determination regarding whether the Petition should be dismissed without giving Petitioner an opportunity to explain why the Petition is not untimely.

### II.
### PROCEDURAL HISTORY

On February 26, 2013, Petitioner was convicted on counts of Cal. Pen. Code §§ 206, 236, and 273.5(a). Dkt. 1 at 2. On July 1, 2013, Petitioner was sentenced to seven (7) years to life. Id. Petitioner appealed, and the California Court of Appeal affirmed the conviction on July 15, 2014. Id. The California Supreme Court denied the Petition for Review on October 15, 2014. Id. at 3.

Petitioner indicates he filed a habeas petition in Los Angeles County Superior Court on May 14, 2019, which the court denied on September 7, 2022. Id. at 3–4. Petitioner filed a petition in the California Courts of Appeal on October 2, 2022, which the court denied on December 29, 2022. Id. Petitioner filed a Petition for Review in the California Supreme Court on January 22, 2023, which the court denied on March 1, 2023. Id. at 4–5.

Petitioner constructively filed the instant Petition on April 2, 2023. Dkt. 1 at 9.

///
///
///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-02572-VBF-MAR                                              Date:  April 19, 2023

Title:     Jinwoo Park v. Phillips

## III.
## DISCUSSION

### A.   THE PETITION IS UNTIMELY AND SUBJECT TO DISMISSAL

#### 1.   The Petition was filed after AEDPA's one-year limitations period

##### a.   Applicable law

AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012).  Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court." Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

##### b.   Analysis

Here, Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA.  Dkt. 1.  Therefore, the requirements for habeas relief set forth in AEDPA apply.  Soto v. Ryan, 760 F.3d 947, 956–57 (9th Cir. 2014).

Petitioner's conviction became final on January 13, 2015, i.e., ninety days after the California Supreme Court denied Petitioner's petition for review on October 15, 2014.  See Dkt. 1; see also Porter, 620 F.3d at 958-59.  AEDPA's one-year limitations period commenced the next day, January 14, 2015, and expired on January 14, 2016.  28 U.S.C. § 2244(d)(1).  However, Petitioner filed the Petition on April 2, 2023.  Dkt. 1 at 9.  Therefore, in the absence of a later trigger date or any applicable tolling, the Petition appears untimely under 28 U.S.C. § 2244(d)(1) ("section 2244(d)(1)").  Thompson, 681 F.3d at 1093.

#### 2.   Petitioner is not entitled to a later trigger date

##### a.   Applicable law

Pursuant to section 2244(d)(1), there are three (3) situations where a petitioner may be entitled to a later trigger date of the one-year limitation period beyond the date of his conviction becoming final.  28 U.S.C. § 2244(d)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-02572-VBF-MAR                                             Date:  April 19, 2023

Title:     **Jinwoo Park v. Phillips**

First, under Subsection (B), if a state action prevented a petitioner from filing a federal habeas claim in violation of the Constitution or laws of the United States, the limitations period begins to run on "the date on which the impediment to filing an application created by State action . . . is removed[.]"  28 U.S.C. § 2244(d)(1)(B).

Second, under Subsection (C), if a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, the limitations period begins to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court[.]"  28 U.S.C. § 2244(d)(1)(C).

Third, under Subsection (D), if a petitioner brings newly-discovered claims, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  However, "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis."  Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012).  A different triggering date, therefore, may apply to each claim in a petition.  Id.

  **b.  Analysis**

Here, Petitioner does not appear to argue that he is entitled to a trigger date beyond the date on which his conviction became final, nor is it apparent from the Court's preliminary review that any potential later trigger date is relevant to Petitioner's claims.  See 28 U.S.C. § 2244(d)(1).

**3.     Statutory tolling does not render the Petition timely**

  **a.  Applicable law**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)).  The gaps in between different "rounds" of review may be tolled if (1) subsequent petitions were "limited to an elaboration of the facts relating to the claims in the first petition" and (2) the subsequent petitions "were ultimately denied on the merits."  King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).  However, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

  **b.  Analysis**

Here, AEDPA's one-year statute of limitations expired on January 14, 2016, over three (3) years before Petitioner filed his first habeas petition in state court on May 14, 2019.  See 28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-02572-VBF-MAR                                            Date:  April 19, 2023

Title:   Jinwoo Park v. Phillips

2244(d)(1); Dkt. 1 at 3–4, 9.  The limitations period can not be tolled by a state petition filed after the period had already expired, and thus statutory tolling does not render the Petition timely.  See Ferguson, 321 F.3d at 823.

    **4.    Equitable tolling does not render the Petition timely**

        **a.    Applicable law**

In addition to the statutory tolling provided for by 28 U.S.C. § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required."  Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011).  The "threshold necessary to trigger equitable tolling [under AEDPA] is very high."  Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original).  A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time."  Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014).  The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'"  Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

        **b.    Analysis**

Here, Petitioner does not explicitly claim entitlement to equitable tolling and the Court has not found any obvious basis to support such a claim.  Thus, equitable tolling does not render the Petition timely.  Bills, 628 F.3d at 1097.

## IV.
## ORDER

The Court will not make a final determination regarding whether the Petition should be dismissed as untimely before giving Petitioner an opportunity to explain why the Petition is timely or why he is entitled to tolling.  Thus, the Court **ORDERS** Petitioner to show cause **within twenty-one (21) days of this Order, by May 11, 2023**, why the Petition should not be dismissed as untimely.

    **IT IS SO ORDERED.**

                                            **Initials of Preparer**   : vv